J-A04001-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TARA MOSS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG MOSS | : | |
| | : | |
| Appellant | : | No. 1126 MDA 2025 |

Appeal from the Order Entered July 23, 2025
In the Court of Common Pleas of York County
Civil Division at No(s): 2015-FC-0000335-03

BEFORE: PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY PANELLA, P.J.E.:        **FILED MARCH 24, 2026**

Craig Moss ("Father") appeals from the order granting Father's petition to lift supervision requirements, denying Tara Moss's ("Mother") petition for modification and contempt, and thereby leaving in place the *status quo* of the parties' custody arrangement. After our thorough review, we affirm on the basis of the trial court's opinion.

The procedural history of this matter is incredibly litigious.[1] Mother and Father are the biological parents of three minor children, A.N.M., X.N.M., and

_____

[1] The trial court notes that "[a] cursory review of the docket will show that, throughout this case, Father has repeatedly filed documents resulting in the case being bounced between judges and creating confusion over what matters are/were pending before the court at any given time, as well as complicating the scheduling of them. The continued filing of excessive, and at times frivolous, motions unfortunately continues to this date." Trial Court Opinion, 9/16/25, at FN1.

A.E.M ("Children"). Mother and Father are married but have been separated for many years. Children have been living primarily with Mother.

On April 5, 2023, Mother filed a complaint for custody seeking shared legal custody and primary physical custody of Children. In her complaint, Mother requested that the court limit Father to supervised physical custody and order Father to participate in a "Threat of Harm Evaluation" with a licensed professional. *See* Complaint, 4/5/23, at ¶ 17. Leading up to the custody trial, Father proceeded to file numerous motions and petitions.

On December 29, 2023, the trial court held a custody trial. On January 8, 2024, after consideration of the evidence and the 23 Pa.C.S.A. § 5328 custody factors, the trial court entered a final order of custody that awarded the parties shared legal custody, Mother primary physical custody, and Father supervised partial physical custody on alternating weekends. We dismissed Father's appeal from the January 2024 custody order on the basis that he failed to preserve any issues on appeal and his appellate brief had substantial defects precluding meaningful appellate review. *See Moss v. Moss*, 148 MDA 2024 (Pa. Super. filed June 6, 2024) (unpublished memorandum).

The trial court summarized the procedural history following the above appeal, relevant to the instant appeal, as follows:

> On October 15, 2024, Mother filed petition for contempt and petition for modification of court order, at which time the matter was reassigned to [Judge Kelley L. Margetas]. On November 1, 2024, Father filed an answer to [Mother's] petition for contempt and petition for modification of court order. On November 20, 2024, the court entered an interim order and scheduled a pretrial

conference for January 24, 2025. On December 4, 2024, Mother filed a motion to continue the pretrial conference due to a scheduling conflict with her counsel, which was granted over Father's objection, rescheduling the pretrial to February 28, 2025.

A pretrial conference was held on February 28, 2025, at which time there were a number of matters outstanding, so the conference was continued until April 22, 2025. In the interim, Father filed a petition for reconsideration and motion for leave to file petition for reconsideration *nunc pro tunc* of a directive originally issued by [the prior Judge], but incorporated without objection into the February 28, 2025 pretrial order, directing disclosure of his protected mental health records. The court expressly granted *nunc pro tunc* reconsideration of the orders limited to the issue of Father's mental health records, which was consolidated to be argued at the April 22, 2025, pretrial conference. On April 22, 2025, the court directed that Father was not required to turn over the previously ordered mental health records and scheduled trial for July 18, 2025.

Following the pretrial conference, Father continued to file repeated motions with the court as follows, the majority of which were deferred to the previously set trial date. On April 25, 2025, Father filed a petition to lift supervision requirements. On May 20, 2025, he filed a petition for risk assessment and motion to compel (CYF-related). On June 11, 2025, he filed a request for permission to bring equipment into the Judicial Center, which was granted. On June 16, 2025, he filed a document entitled ["]Compliance with Court Order or Official Reports["], to which no response appeared to be required. On June 24, 2025, he filed a petition for sanctions and declaratory orders. On July 3, 2025, he filed a motion to amend witness list and request for appearance via Zoom, the latter of which was granted.

On July 3, 2025, Mother filed an application for continuance of the trial, which was opposed and was denied by the court. On July 7, 2025, an emergency motion to quash subpoena served upon a non-party witness was filed by WellSpan Health and Julia F. Arpino, MD. The same day, Father filed a response and memorandum of law in opposition to the motion to quash. The motion was deferred to the start of trial, and was ultimately granted on July 18, 2025.

On July 18, 2025, the [court] conducted a full day custody trial in this matter. Notably[,] at the outset of the trial, the court attempted to set forth all of the outstanding matters currently before it, given the voluminous, rambling and vexatious paperwork that was continuously being filed by Father in this matter, giving rise to conflation over what issues were even before the Court.

At the conclusion of the trial, the [court] granted Father's petition to lift supervision requirements, and denied Mother's petition for modification and contempt, leaving in place the status quo with Mother maintaining primary physical custody and Father having unsupervised partial physical custody on alternating weekends. Additionally, the court denied Father's petition for risk assessment and motion to compel filed May 20, 2025, as well as his petition for sanctions and declaratory order filed June 24, 2025; the motion to amend witness list was dismissed as moot.

Trial Court Opinion, 9/16/25, at 7-9 (footnotes and unnecessary capitalization omitted). Father timely appealed and filed a contemporaneous statement of errors. *See* Pa.R.A.P. 1925(a)(2)(i). The trial Court filed a Rule 1925(a) opinion. *See* Pa.R.A.P. 1925(a)(2)(ii).

On appeal, Father raises the following issues for our review:

I. The court erred by refusing to vacate an order procured by deliberate fraud and perjury, as Pennsylvania court's possess the inherent power to rescind orders obtained through fraud on the court.

II. The trial court abdicated its statutory duty under Kayden's Law by refusing to compel disclosure of CYS records and order a risk assessment, thereby ignoring substantial evidence of harm to the children.

III. The trial court erred and abused its discretion by excluding from evidence Mother's criminal convictions spanning from 2014 through 2025, including guilty pleas involving domestic violence and conduct against Father. This information was directly relevant to the custody determinations under 23 Pa.C.S.A. § 5328 (a)(2)

and 5329(a), and frustrat[es] the safety-first focus of Act 8 of 2024 (Kayden's Law).

IV. Did the court further err by discounting the undisputed record of Mother's recent hospitalizations, ignoring the principle that "acts of refusal as well as incapacity to perform parental duties" can equally endanger children and must be weighed under § 5328(a)(2)?

V. Did the court abuse its discretion by refusing to admit [Father]'s trial exhibits and thereby preventing the creation of a complete appellate record, contrary to Pa.R.A.P. 1921?

VI. The trial court erred and abused its discretion when it granted Father 44 days of visitation per year and ignoring the express judicial goal of 50/50 custody.

VII. Did the trial court commit reversible error by failing to articulate specific findings of fact and a reasoned analysis of the 16 factors of 23 Pa.C.S,A. § 5328(a), thereby precluding meaningful appellate review?

Appellant's Brief, at 1-2 (cleaned up).

Our scope and standard of review of custody decisions is well-settled:

[T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it.... However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination.... Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

[O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.

The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial

court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

The test is whether the evidence of record supports the trial court's conclusions.

*C.M. v. M.M.*, 215 A.3d 588, 591 (Pa. Super. 2019) (citations omitted; brackets in original). "Simply stated, [t]he test is whether the evidence of record supports the trial court's conclusions and the conclusions are grounded in a comprehensive evaluation of the best interest of the child." *H.C.Z. v. J.K.Z.,* 236 A.3d 1106, at *2 (Pa. Super. filed April 17, 2020) (unpublished memorandum) (citation omitted; brackets in original).[2]

After reviewing the record, Father's brief, and the Honorable Kelley L. Margetas' well-reasoned Pa.R.A.P. 1925(a) Opinion, we conclude Father's issues merit no relief. Judge Margetas' opinion effectively disposes of the questions presented on appeal. *See* Trial Court Opinion, 9/16/25, at 11-20 (Finding: (1) The time to appeal Father's first issue has substantially passed as the December 29, 2023 custody order is almost two years old, and that Father already had the opportunity to appeal the order, but failed to properly preserve his issues; (2) Father's claim that the court erred by excluding evidence of Mother's criminal convictions is belied by the record because the court allowed Father to testify regarding the substance of many of Mother's

---

[2] Unpublished decisions filed after May 1, 2019 may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).

convictions, further Mother's criminal convictions predate the custody trial and would have limited relevance to the current modification, and the court properly declined hearsay statements to be read into the record; (3) the court did not erred by denying Father's subpoena for CYS records because that request was previously denied by a court of coordinate jurisdiction; (4) the court properly denied Father's request to compel the production of Mother's medical records based on testimony and argument provided, leading to the court's concerns that Father likely unlawfully accessed Mother's protected medical information; (5) Father cites to incorrect law by relying on Section 5329.1 and, in any event, Father failed to timely compel Mother to complete a risk assessment; (6) the court properly refused to admit Father's binder of unidentified and unauthenticated documents into the trial record because Father failed to properly present, authenticate and/or request admission of these numerous documents; (7) the trial court went through the custody factors and stated its findings on the record, and also incorporated by reference the prior custody trial and findings of fact, as the parties were seeking modification, not to relitigate a full custody trial).[3]

_____

[3] Father's statement of questions involved presented in his appellate brief differs slightly from the presentation of his issues raised in his Rule 1925 statement. We have excluded the court's analysis of the final issue raised in his concise statement, as Father appears to have abandoned that issue on appeal. The remainder of his issues appear to be raised in his appellate brief either on their own, or mixed in with other issue sections.

We affirm on the basis of the trial court's September 25, 2025 opinion and commend the trial court for its notable patience in dealing with this contentious case.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/24/2026